| | |
|---|---|
| KAFI ROACH,<br>   Plaintiff,<br><br>  v.<br><br>BRUCE DONNET, et al.,<br>   Defendants. | No. 3:18-cv-1108 (SRU) |

# RULING ON MOTIONS TO DISMISS

  Kafi Roach initiated this action in July 2018 against Bruce Donnet, Michael McDonagh, and the Coventry Police Department ("Coventry PD") (together, "the defendants"). *See* Compl., Doc. No. 1. Roach alleges in her complaint that McDonagh, a member of the Coventry Police Department, and McDonagh's neighbor, Donnet, harassed her by conducting a background check on her and submitting a complaint to the Coventry Police Department. *See* Compl., Doc. No. 1 at 6. Further, Roach alleges that when she complained to the Coventry Police Department about McDonagh and Donnet's behavior, she was subjected to intensified harassment, including from the police department. *Id.*

  McDonagh and Coventry PD filed a Motion to Dismiss on February 1, 2019. *See* Mot. to Dism., Doc. No. 17. Donnet filed a Motion to Dismiss on March 1, 2019. *See* Donnet Mot. to Dism., Doc. No. 21. Both motions argue that Roach's claims are barred by the statute of limitations, and, further, that she failed to state a claim.[1] *See* Mots. to Dism., Doc. Nos. 17, 21. Roach failed to timely respond to either motion, and on July 8, 2019, I ordered her to respond by

---

[1] The defendants also argue that Roach's claims are barred by res judicata because an earlier case with similar allegations was dismissed by Judge Meyer in 2016. *See* Mots. to Dism., Doc. Nos. 17, 21; *see also Roach v. Donnet, et al.*, 16-cv-1104 (JAM). Because Roach's claims in the instant case are barred by the statute of limitations, I need not address that argument.

August 16, 2019. *See* Order, Doc. No. 24. Roach has again failed to respond to the defendants' motions and McDonagh and Coventry PD have renewed their motion to dismiss. *See* Doc. No. 26. Because Roach has failed to respond, and because her claims are barred by the applicable statutes of limitations, the defendants' Motions to Dismiss (doc. nos. 17, 21, 26) are **granted**. Further, the defendants' Motion to Stay (doc. no. 23) is **denied as moot.**

Roach claims in her complaint that her injury "was caused in 2014." Compl., Doc. No. 1 at 6. Roach initiated this action on July 2, 2018. *See* Compl., Doc. No. 1. Although unclear what causes of action Roach is asserting, her claims would be barred even under the general three-year statute of limitations for tort claims. *See* Conn. Gen. Stat. § 52-577. Because it is clear from the face of the complaint that her claim is time-barred, Roach must plead sufficient facts to establish why the statute of limitations should be tolled. *See OBG Technical Svcs., Inc. v. Northrop Grumman Space & Mission Sys. Corp.*, 503 F. Supp. 2d 490, 504 (D. Conn. 2007) (citing to *Iqbal v. Hasty*, 490 F.3d 143 (2d Cir. 2007)). Roach has failed to do so here and, accordingly, her action is dismissed as time-barred.

The defendants' Motions to Dismiss (doc. nos. 17, 21, 26) are **granted**. Because Roach's claims are time-barred, the motions are granted **with prejudice**. Further, the defendants' Motion to Stay (doc. no. 23) is **denied as moot.** The clerk is directed to enter judgment in favor of the defendants and close the case.

So ordered.

Dated at Bridgeport, Connecticut, this 18th day of September 2019.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge